

FILED

MAR 29 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re ) | Case No. 05-36793-C-7 |
| ) | |
| DOUGLAS SPLETTER, ) | MC No. JHK-1 |
| ) | |
| Debtor. ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e). Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

41

## Findings of Fact

Debtor filed his voluntary chapter 7 petition on October 13, 2005. He scheduled a 2001 Jeep Wrangler ("vehicle") as property of the estate. The first meeting of creditors was held on December 21, 2005. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and above that exempted by debtor.

On February 21, 2006, Daimlerchrysler Financial Services Americas, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $4,910. Movant holds a lien on the vehicle in the approximate amount of $4,428.85. The court is not aware of any other liens against the vehicle. Debtor has some equity in the vehicle. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor _in personam_ and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the

secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

In this instance, debtor has equity in the vehicle. Accordingly, the motion will be denied as to debtor. It is noted that the automatic stay, insofar as it applies against the debtor's interest in the vehicle, automatically expires when a discharge is issued.

The motion will be granted as to the chapter 7 trustee.

Accordingly, an appropriate order will issue.

Dated: March 29, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Douglas Spletter
107 Del Rio Ct. #3
Vacaville, CA 95688

Susan K. Smith
7485 Rush River Drive #710-PMB 218
Sacramento, CA 95831

John H. Kim
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Blvd., 10th Floor
Costa Mesa, CA 92626-1977

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 3/31/06

_____
Deputy Clerk

R. Lopez